UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

NAPOLEON LAMARR COTTRELL,

        Plaintiff,

v.

SCOTT WRIGGELSWORTH et al.,

        Defendants.
_____/

Case No. 1:22-cv-102

Honorable Paul L. Maloney

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I.    Factual allegations

Plaintiff is presently incarcerated at the Center for Forensic Psychiatry in Saline, Washtenaw County, Michigan. The events about which he complains, however, occurred at the

Ingham County Jail in Mason, Ingham County, Michigan. Plaintiff sues Sheriff Scott Wriggelsworth and the Ingham County Sheriff's Department Jail Corrections Division.

Although Plaintiff's writing in his complaint is legible, the words do not always form coherent sentences or convey clear thoughts. It appears that Plaintiff's claims stem from his receipt of a misconduct charge. Plaintiff states that on August 20, 2021, he had a video visitation with his wife. (Compl., ECF No. 1, PageID.2.) About halfway through the video visitation, Plaintiff received permission to use the remaining "time out of [his] cell . . . to bathe." (*Id.*) Subsequently, "[d]uring the ending moments of [his] wife's video visitation," the unit "erupted with inmates disrupting the functions of said facility." (*Id.*) Plaintiff was caught up in the other inmates' disruption and was written a minor misconduct. (*Id.*; *see id.*, PageID.1.) Plaintiff contends that this resulted in an "improper sanction" being "inflicted upon [him]." (*Id.*, PageID.2)

In other portions of Plaintiff's complaint, his claims are incoherent. For example, Plaintiff states that he "respectfully submit[s] this complaint seeking damages against Defendant Wriggelsworth, Scott-Sheriff Ingham County [Jail] Sheriffs Department Jail Corrections Division. Suppressing HYTA regulations eligibility of FOIA subpoena. Lynch Law, fair right to due process of law. . . ." (*Id.*, PageID.1 (second alteration in original) (original phrasing retained).) Plaintiff later states that Defendants have "unconstitutionally violated legal liberties as well as civil rights purposely repeatedly V; I, Napoleon Lamarr Cottrell on a bias prejudice basis resulting in witness tampering by out rank, sexism also protective orders within union. . . ." (*Id.*, PageID.2 (original phrasing retained).)

Based on the foregoing allegations, liberally construing Plaintiff's complaint, Plaintiff avers that his rights were violated under the Due Process Clause of the Fourteenth Amendment when he received a misconduct charge. As relief, Plaintiff "demands a judg[]ment and damages in

the form of international broadcasting station upon record retr[ie]v[]al expungement[] with cost interest and all other further relief the Court deems proper." (*Id.*)

## II.   Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating

federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

      **A.**      **Defendant Ingham County Sheriff's Department Jail Corrections Division**

Plaintiff names the Ingham County Sheriff's Department Jail Corrections Division as one of the two named Defendants in this action. (Compl., ECF No. 1, PageID.1.) This entity is not capable of being sued in its own right; instead, it is simply an agent of the county. *Vine v. Cnty. of Ingham*, 884 F. Supp. 1153, 1158 (W.D. Mich. 1995) (citing *Hughson v. Cnty. of Antrim*, 707 F. Supp. 304, 306 (W.D. Mich. 1988); *Bayer v. Almstadt*, 185 N.W.2d 40, 41 (Mich. Ct. App. 1970)). Therefore, for this reason alone, this Defendant can be dismissed.

Moreover, construing Plaintiff's *pro se* complaint with all required liberality, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court assumes that Plaintiff intended to sue Ingham County. Ingham County may not be held vicariously liable for the actions of its employees under § 1983. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011); *City of Canton v. Harris*, 489 U.S. 378, 392 (1989); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Instead, a county is liable only when its official policy or custom causes the injury. *Connick*, 563 U.S. at 60; *Lipman v. Budish*, 974 F.3d 726, 747 (6th Cir. 2020) (citations omitted).

"[T]he finding of a policy or custom is the initial determination to be made in any municipal liability claim." *Doe v. Claiborne Cnty.*, 103 F.3d 495, 509 (6th Cir. 1996). The policy or custom must be the moving force behind the constitutional injury, and a plaintiff must identify the policy, connect the policy to the governmental entity, and show that the particular injury was incurred because of the execution of that policy. *Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005) (citing *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003)); *Claiborne Cnty.*, 103 F.3d at 508–09.

A "policy" includes a "policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the governmental body's officers. *Monell*, 436 U.S. at 690. A "custom" is a practice "that has not been formally approved by an appropriate decision maker," but is "so widespread as to have the force of law." *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997) (citations omitted).

Here, Plaintiff has failed to identify a policy or custom. Where, as is the case here, a plaintiff fails to allege that a policy or custom existed, dismissal of the action for failure to state a claim is appropriate. *Rayford v. City of Toledo*, No. 86-3260, 1987 WL 36283, at *1 (6th Cir. Feb. 2, 1987); *cf. Bilder v. City of Akron*, No. 92-4310, 1993 WL 394595, at *2 (6th Cir. Oct. 6, 1993) (affirming dismissal of § 1983 action when plaintiff's allegation of a policy or custom was conclusory, and plaintiff failed to allege facts tending to support the allegation).

For these reasons, Plaintiff fails to state a § 1983 claim against Defendant Ingham County Sheriff's Department Jail Corrections Division.

### B.     Defendant Wriggelsworth

Plaintiff also names Sheriff Scott Wriggelsworth as a Defendant in this action. (Compl., ECF No. 1, PageID.1.) However, Plaintiff fails to make specific allegations against Defendant Wriggelsworth. Government officials, such as Defendant, may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell*, 436 U.S. at 691; *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Plaintiff has failed to allege that Defendant Wriggelsworth

engaged in any active unconstitutional behavior. Moreover, even setting aside the above-discussed deficiencies regarding the Defendants named in this action, as explained below, Plaintiff fails to allege sufficient facts to state a plausible Fourteenth Amendment claim.

### C. Fourteenth Amendment

Liberally construing Plaintiff's complaint, as the Court is required to do, Plaintiff alleges that his due process rights under the Fourteenth Amendment were violated when he received a minor misconduct charge, which he contends resulted in an "improper sanction." (Compl., ECF No. 1, PageID.1–2.)

A prisoner does not have a protected liberty interest in prison disciplinary proceedings unless the sanction "will inevitably affect the duration of his sentence" or the resulting restraint imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *See Sandin v. Conner*, 515 U.S. 472, 484, 487 (1995). Pursuant to the Ingham County Jail Inmate Guide, discipline for a minor misconduct violation "may include lockdown[1] for no more than forty-eight [48] hours and loss of privileges for up to two [2] weeks." *Ingham Cnty. Jail Inmate Guide* 21 (rev. Jan. 2022), https://docs.ingham.org/Department/Sheriff/InmateGuide.pdf.[2]

---

[1] The Ingham County Jail Inmate Guide states that "[d]uring lockdown [an inmate] will not be allowed visits or any off-post activity (except attorney visits and court)." *Ingham Cnty. Jail Inmate Guide* 21 (rev. Jan. 2022), https://docs.ingham.org/Department/Sheriff/InmateGuide.pdf

[2] The Court takes judicial notice of these facts under Rule 201 of the Federal Rules of Evidence. The accuracy of the source regarding this specific information "cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); *see also* Paul F. Rothstein, *Federal Rules of Evidence* 49 (3d ed. 2019) (citing *Matthews v. NFL Mgmt. Council*, 688 F.3d 1107 (9th Cir. 2012) (taking judicial notice of statistics on the NFL website that the plaintiff played 13 games in California over 19 years); *Victaulic Co. v. Tieman*, 499 F.3d 227, 236–37 (3d. Cir. 2007), as amended (Nov. 20, 2007) (finding error where a district court took judicial notice of facts stated in "a party's . . . marketing material" on an "unauthenticated" website because marketing materials often lack precise and candid information and the source was not authenticated)). Moreover, "[t]he court may take judicial notice at *any* stage of the proceeding." Fed. R. Evid. 201(d) (emphasis added). Thus, the Court may take judicial notice even at this early juncture because the Court is permitted to take

Plaintiff therefore could not have been denied good time or disciplinary credits as a result of a minor misconduct conviction. The United States Court of Appeals for the Sixth Circuit routinely has held that misconduct convictions that do not result in the loss of good time are not atypical and significant deprivations and therefore do not implicate due process. *See, e.g.*, *Ingram v. Jewell*, 94 F. App'x 271, 273 (6th Cir. 2004), *overruled on other grounds by Maben v. Thelen*, 887 F.3d 252 (6th Cir. 2018); *Carter v. Tucker*, 69 F. App'x 678, 680 (6th Cir. 2003); *Green v. Waldren*, No. 99-1561, 2000 WL 876765, at *2 (6th Cir. June 23, 2000); *Staffney v. Allen*, No. 98-1880, 1999 WL 617967, at *2 (6th Cir. Aug. 12, 1999).

Furthermore, Plaintiff does not allege that any sanction he received constituted an "atypical" and "significant deprivation." *Sandin*, 515 U.S. at 484. Instead, Plaintiff simply alleges that he received an "improper sanction," without providing any additional allegations about what sanction he received or how it was "improper." (Compl., ECF No. 1, PageID.2.) Such a conclusory allegation is insufficient to show that any sanction Plaintiff received was an "atypical" and "significant deprivation." *Sandin*, 515 U.S. at 484.

Moreover, as a "sanction" for his minor misconduct charge, at most, Plaintiff would have received up to forty-eight hours of lockdown and two weeks of loss of privileges. *See Ingham Cnty. Jail Inmate Guide* 21 (rev. Jan. 2022), https://docs.ingham.org/Department/Sheriff/InmateGuide.pdf. In *Sandin*, the United States Supreme Court concluded that placement in segregation for 30 days did not impose an atypical and significant hardship. *Sandin*, 515 U.S. at 484. Similarly, the Sixth Circuit has held that placement in administrative segregation for two months does not require the protections of due process. *See Joseph v. Curtin*, 410 F. App'x 865,

---

judicial notice *sua sponte*, Fed. R. Evid. 201(c)(1), and "the fact is not subject to reasonable dispute," Fed. R. Evid. 201(b).

868 (6th Cir. 2010) (finding that 61 days in segregation is not atypical and significant). Instead, generally only periods of segregation lasting for several years or more have been found to be atypical and significant. *See, e.g.*, *Selby v. Caruso*, 734 F.3d 554, 559 (6th Cir. 2013) (concluding that thirteen years of segregation implicates a liberty interest); *Harris v. Caruso*, 465 F. App'x 481, 484 (6th Cir. 2012) (finding that eight years of segregation implicates a liberty interest); *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008) (remanding to the district court to consider whether the plaintiff's allegedly "indefinite" period of segregation, i.e., three years without an explanation from prison officials, implicates a liberty interest). Further, if confinement in segregation does not implicate a protected liberty interest, it follows that the loss of privileges, which is a lesser punishment, does not implicate such an interest. Plaintiff therefore has failed to allege any facts to show that any "sanction" he received triggered a right to due process.

Accordingly, Plaintiff fails to state a Fourteenth Amendment due process claim regarding his misconduct charge.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:   March 3, 2022                    /s/ Paul L. Maloney
                                         Paul L. Maloney
                                         United States District Judge